NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1246n.06

No. 11-4154

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| CLYDE A. JEFFERSON, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MARTIN and BOGGS, Circuit Judges; COLLIER, District Judge.[*]

PER CURIAM.  Clyde A. Jefferson, who is represented by counsel, appeals a district court judgment following his guilty plea to a charge of possession of a controlled substance.

In November 2009, Jefferson was arrested by state authorities when a search of his residence uncovered drugs and a weapon.  In February 2010, he was charged by federal authorities with being a felon in possession of a firearm, based on the discovery of a firearm during the search conducted by state officers.  The district court determined that Jefferson was an armed career criminal and faced a mandatory minimum sentence of fifteen years of imprisonment.  In December 2010, the state charges were resolved when Jefferson was sentenced to twenty-four months of imprisonment for drug trafficking.  In the federal case, a plea agreement was reached in which Jefferson would plead

---

[*]The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

guilty to a superseding indictment charging him with possession of a controlled substance, and the firearm charge would be dismissed. The parties agreed to recommend to the district court that it depart upward from the advisory sentencing guidelines range for the new charge and impose the maximum twenty-four month sentence, with credit for time served. Jefferson acknowledged that the district court would not be bound by the parties' recommendation. He also waived his right to appeal or collaterally attack his sentence unless the sentence exceeded the statutory maximum, he presented claims of prosecutorial misconduct, or his attorney rendered ineffective assistance. The district court accepted Jefferson's guilty plea.

The district court subsequently imposed the agreed upon twenty-four month sentence. In addressing the provision of the agreement regarding credit for time served, the court asked counsel whether Jefferson had been in federal or state custody. The attorneys informed the court that he had been in federal custody since his February 2010 arraignment. The court therefore recommended that Jefferson be given credit for time served on his federal conviction. When questioned by Jefferson as to whether his sentence would run concurrently with the undischarged state sentence, the district court told Jefferson that he would have to finish his state sentence, and then serve his federal sentence.

On appeal, Jefferson argues that the district court was misinformed that he had been in federal custody. In fact, Jefferson remained in state custody throughout the period from his arrest until his state sentence expired in November 2011. Therefore, the Bureau of Prisons did not award him any credit for time served. Jefferson argues that, if the district court had not been misinformed by counsel that he had been in federal custody, the court might have given him credit for time served

on the state charges under USSG § 5G1.3(c) cmt. n.3(E). He also argues that the prosecutor breached the plea agreement by misstating Jefferson's custodial status, and that his attorney was ineffective for the same reason.

Only the Bureau of Prisons, and not the district court, is authorized to grant credit for time served under 18 U.S.C. § 3585(b). *See United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). The government argues that Jefferson is required to first exhaust his available administrative remedies before challenging the Bureau of Prisons's computation of credit for time served. However, that is not what Jefferson is attempting in this appeal. He acknowledges that the Bureau of Prisons correctly declined to award him any credit for time served because he had not served any time on his federal conviction prior to his sentence.

Instead, Jefferson argues that the district court might have granted a downward departure under section 5G1.3(c) if the district court had known that Jefferson was not entitled to any credit towards his sentence because he was a state prisoner. This supposition is belied by the transcript of the sentencing hearing which shows that the district court intended for Jefferson's federal sentence to run consecutively to his state sentence. The court was misinformed that Jefferson had been in federal custody since February 2010. However, this did not alter the total time that the district court intended Jefferson to serve. Had Jefferson actually been in federal custody for that period, he would have had twenty-one months left to serve on his state sentence, followed by only four months in federal custody. However, Jefferson actually had only one month left on his state sentence, to be followed by his twenty-four month federal sentence. The total resulting period of imprisonment is

the same under either calculation. Moreover, the sentence imposed did not exceed the statutory maximum, and Jefferson therefore waived his right to appeal this issue.

We also reject Jefferson's argument that the prosecutor breached the plea agreement by misinforming the court of his custodial status. The plea agreement provided that the prosecutor would recommend a twenty-four month sentence with credit for time served, but noted that the district court was not bound by this recommendation. That is what the prosecutor recommended at sentencing, and that is what the district court imposed. Although there was no period of credit for federal custody, the ultimate sentence was not changed.

Regarding Jefferson's claim of ineffective assistance of counsel, we decline to address this issue because only in the rare instance do we review ineffective assistance of counsel claims in a direct appeal. *United States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012).

The district court's judgment is affirmed.